# Exhibit A

|  |  |
|---|---|
|  | FILED<br>GARY L. HARRISON<br>CLERK, SUPERIOR COURT<br>10/11/2024 9:41:04 AM |

ARIZONA SUPERIOR COURT, PIMA COUNTY

| | |
|---|---|
| HON. WAYNE E. YEHLING | CASE NO.   C20243386 |
| | DATE:   October 11, 2024 |

PAUL D'HEDOUVILLE
    Plaintiff

VS.

H&M FASHION USA, INC.
    Defendant

---

# O R D E R

**IN CHAMBERS RE MOTION TO DISMISS**

    Pending before the Court is Defendant H&M Fashion USA, Inc.'s Motion to Dismiss Class Action Complaint. The motion is fully briefed. For the following reasons, the Court grants Defendant's motion and dismisses this action.

## I. Factual and Procedural Background

    Plaintiff initiated this putative class action on June 10, 2024, alleging that Defendant has violated Arizona's Telephone, Utility and Communication Service Records Act (TUCSRA), Arizona Revised Statutes § 44-1376. The complaint alleges a class action.

    Plaintiff asserts that Defendant H&M Fashion USA, Inc. (H&M) has violated TUCSRA with the use of email read receipt technology, involving the use of tracking pixels in marketing communications. Plaintiff argues that the information Defendant gleans from these tracking pixels—when and how many times a consumer reviewed an email, what device was used, and the consumer's general location when accessing the email—is a "communication service record" under TUCSRA because it is an "access log." For the purposes of this Motion, the Court accepts as true Plaintiff's allegation that this information is collected without consent. H&M argues that Plaintiff has failed to state a claim because the information collected by these embedded pixels is not a "communication service record" under the Act. H&M further asserts that Plaintiff lacks standing.

## II. Discussion of Contested Issues

    A. <u>Legal Standard</u>

    Under Rule 12(b)(6), Arizona Rules of Civil Procedure, a claim is subject to dismissal for failure to state a claim if, as a matter of law, "plaintiffs would not be entitled to relief under any interpretation of the facts

|  |  |
|---|---|
|  |    Juno McCallum   <br>Law Clerk |

**O R D E R**

susceptible of proof." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8 (2012). "Arizona follows a notice pleading standard." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 6 (2008). In determining if a complaint states a claim on which relief can be granted, courts must assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts, but mere conclusory statements are insufficient. Id. ¶ 7. Arizona courts "do not accept as true conclusions of law, inferences that are not necessarily implied by well-pled facts, unreasonable inferences, unsupported conclusions, or legal conclusions alleged as facts." *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4 (Ct. App. 2005).

      B.  <u>Statutory Definition of Communication Service Record</u>

If a statute is clear and unambiguous, plain meaning is applied without looking to the other rules of statutory construction. *Brummond v. Lucio*, 243 Ariz. 360, 363–64 ¶ 13 (Ct. App. 2017). In construing statutes, courts have "a duty to interpret them in a way that promotes consistency, harmony, and function." *Welch-Doden v. Roberts*, 202 Ariz. 201, 206 ¶ 22 (Ct. App. 2002). Words in statutes should be read in context to determine their meaning and courts may consider statutes of the same subject or general purpose for guidance and to give effect to all of the provisions involved. *Stambaugh v. Killian*, 242 Ariz. 508, 509 ¶ 7 (2017).

The Telephone, Utility and Communication Service Records Act ("TUCSRA"), most recently amended in 2007, provides that a person shall not:

> 1. Knowingly procure, attempt to procure, solicit or conspire with another to procure a public utility record, a telephone record or communication service record of any resident of this state without the authorization of the customer to whom the record pertains or by fraudulent, deceptive or false means.

A.R.S. § 44-1376.01.  TUSCRA requires "entities that maintain communication service records, telephone records or public utility records of a resident of this state shall establish reasonable procedures to protect against unauthorized or fraudulent disclosure of such records that could result in a substantial harm or inconvenience to any customer. . . ." A.R.S. § 44-1376.01(3)(B). A "communication service record" includes:

> [S]ubscriber information, including name, billing or installation address, length of service, payment method, telephone number, electronic account identification and associated screen names, toll bills or access logs, records of the path of an electronic communication between the point of origin and the point of delivery and the nature of the communication service provided, such as caller identification, automatic number identification, voice mail, electronic mail, paging or other service features.

A.R.S. § 44-1376(1). A communication service provider is not defined in TUSCRA, but another Arizona statute, the Eavesdropping and Communications Act, provides that a communication service provider means "any person who is engaged in providing a service that allows its users to send or receive oral, wire or electronic communications or computer services." A.R.S. § 13-3001(3). That Act defines communication service records with the exact same language as in TUSCRA. A.R.S. §13-3018(G).

                                                                                                  <u>Juno McCallum</u>
                                                                                                      Law Clerk

**O R D E R**

Page 3            Date: October 11, 2024            Case No.: C20243386

Plaintiff maintains that the information collected by a pixel embedded in an email is an "access log" under TUSCRA and is thus prohibited from being procured by H&M. H&M argues that the information is not a communication service record because categories such as when and how an email was opened and the associated IP address are absent from the definition. Nor, H&M contends, is the information a record of the path of an electronic communication between the point of origin and the point of delivery. H&M further argues that a civil cause of action under TUSCRA may only be brought by a customer of a communication service provider who maintains the records at issue.

First, H&M is not a communication service provider. The conduct at issue in this action is H&M's sending of marketing emails and collecting information from the tracking pixel. H&M is not engaged in providing a service that allow its users to send or receive communications. This definition of communication service provider as stated in the Eavesdropping and Communications Act should be read in harmony with the definitions in TUSCRA because the statutes are of a related subject and define "communication service record" with identical descriptions.

Nor does H&M retain communication service records as defined under the act. A communication service record is "subscriber information," and "access logs" are defined as one type of subscriber information. TUSCRA contemplates the records of a communication service provided by an entity that must maintain those records in a reasonable manner as to prevent their unauthorized or fraudulent disclosure. While H&M's tracking pixel may collect information about when an email was accessed, that type of information is not protected by the act because "access log," in context, is logically read as a log of when a customer used a communications service.

Plaintiff does not allege that he is a customer of H&M, that H&M is a communication service provider, or that H&M procured his communication service records that were retained by another communication service provider. Nor could he, because H&M is not a communication service provider and the information at issue here is not "subscriber information." Plaintiff has not alleged that he is a customer of H&M because he does not claim that he has purchased any item from H&M. Even if he had, it would not change the outcome because the act contemplates a customer, or subscriber, of a communication service.

The plain text definitions of "communication service record" and "access logs" are unambiguous. The Court will additionally note that the legislative history of TUSCRA supports this reading. TUSCRA was first enacted in 2006 to respond to concerns that additional security was needed to prevent unauthorized disclosure of information that was held by telecommunications carriers, not direct email marketing. *See* H.B. 2785 Fact Sheet 47th Leg. 2d Reg. Sess. (Ariz. Apr. 24, 2006) ("[L]ocal, long distance and wireless telephone companies collect customer information, including the numbers called, the time of the calls and particular services used . . . The FCC is currently investigating numerous companies for allegedly illegally procuring phone records.") This initial focus on telephone records was expanded to include "communication service records" and "public utility records." It again showed a concern that confidential information regarding a subscriber to a communication service might be procured by fraudulent or deceptive means. The Arizona legislature has not amended the statute since 2007, and no Arizona court has interpreted "communication service record" to include the

                                                           Juno McCallum
                                                           Law Clerk

information gleaned from a tracking pixel.

The Court concludes that the information at issue here—when and how an email was opened, how long it was opened, what device was used, the associated IP address of the recipient, and whether it was forwarded—is not a "communication service record" or a type of "access log" protected by TUSCRA. The Court does not accept Plaintiff's expansive interpretation of the statute.

C.  Standing

Plaintiff's Complaint is deficient because he has not experienced a distinct and palpable injury and thus does not have standing to initiate this cause of action.

A person seeking redress in Arizona courts must first establish standing to bring claims against a defendant. *Bennett v. Brownlow*, 211 Ariz. 193, 195 ¶ 14 (2005). This rigorous requirement established by the Arizona Supreme Court is "prudential and constitutes an exercise of judicial restraint." *Id.* Plaintiffs must allege a "distinct and palpable injury" to themselves to have standing to bring an action. *Fernandez v. Takata Seat Belts, Inc.*, 210 Ariz. 138, 140 ¶ 6 (2005). A distinct and palpable injury requires "an actual concrete harm" in which a plaintiff has a sufficient, concrete interest at stake. *Sears v. Hull*, 192 Ariz. 65, 69 ¶ 16 (1998). An allegation of generalized harm that is shared alike by all or a large class of citizens generally is not sufficient to confer standing. *Id.*

Accepting the allegations of the Complaint as true, Plaintiff has not alleged any actual concrete harm or a distinct and palpable injury. Plaintiff alleges the generalized harm that Defendant "intruded into Plaintiff's and Class Members' private affairs and revealed their private information, including when, how, and how many times they accessed emails and their general location at the time the emails were accessed." This allegation is analogous to the tort of intrusion upon seclusion, when one who "intentionally intrudes . . . upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652B. Plaintiff's Complaint acknowledges that "when consumers provide their email addresses to companies to receive discounts or join a company's mailing list, they expect to receive marketing emails." Compl. ¶ 15.

While Plaintiff characterizes this information as "intimate details," the above categories of information gleaned from the tracking pixel are not of the type that would be highly offensive to a reasonable person if intruded upon. As a willing subscriber, Plaintiff could not have been harmed by Defendant's procurement of his name or associated email address. The other types of information are not of the kind in which a party has a reasonable expectation of privacy. The sharing of an IP address is a routine event when browsing on the internet, and third-party cookies generally collect data about when and how a person interacts with a website. *See Hartley v. Urban Outfitters*, No. CV 23-4891, 2024 WL 3445004 (E.D. Pa. July 17, 2024) ("If a subscriber were to allege that spy pixels were used, for example, to trawl through the contents of unrelated personal messages, or to gain access to the camera of the subscriber's device, such invasions of privacy likely would be

Juno McCallum  
Law Clerk

held comparable to common-law intrusion on seclusion and therefore constitute concrete harms.").

Plaintiff's complaint asserts that "[t]hese data points can provide companies with insights into a consumer's work and sleep habits, as well as patterns of travel." This contention is speculative; Plaintiff cites a study involving a hypothetical consumer and does not allege that he specifically experienced this harm. Plaintiff fails to allege how he was specifically, or as a member of a class, harmed by H&M collecting information via a tracking pixel.

Plaintiff argues that this injury is actionable because it is elevated to a cognizable injury by TUSCRA's protections of communication service records. It is true that injuries in fact sufficient to confer standing are not limited to tangible harms, and the legislature may create causes of action through statute. Because, as discussed above, the information collected by H&M's tracking pixel is not a communication service record protected by the act, H&M's conduct in collecting information about when and how an email was accessed and the general location associated with an IP address is not sufficiently distinct and palpable as to open the courtroom doors for this type of action. Plaintiff lacks standing and the Complaint must be dismissed.

### III. Dispositive Findings and Orders

**THE COURT FINDS**:

1. Information collected by a tracking pixel in a marketing email—including when an email was opened, how long it was opened, the device used, and the associated IP address—is not a communication service record as defined by the Telephone, Utility and Communication Service Records Act.

2. Plaintiff has failed to allege a distinct and palpable injury and lacks standing to bring this action on his own behalf and on behalf of a class.

3. Amendment of the Complaint would be futile.

Accordingly,

**IT IS ORDERED:**

1. Granting Defendant's Motion to Dismiss Class Action Complaint.

2. Dismissing this action, each party to bear their own costs and attorney fees.

3. Denying Amicus Curiae Retail Litigation Center, Inc.'s Motion for Leave to File Brief of Amicus Curiae Retail Litigation Center, Inc. as moot.

4. No other matters remaining pending, Judgment is entered herein pursuant to Rule 54(c), Arizona Rules of Civil Procedure.

_____Juno McCallum_____
Law Clerk

**O R D E R**

| | | |
|---|---|---|
| Page  6 | Date:  October 11, 2024 | Case No.:   C20243386 |

*/s/*
HON. WAYNE E. YEHLING

(ID: 21105e84-cad9-4d84-874c-0edfb0af53c7)

cc: Daniel Alan Mann, Esq.
      Hart L. Robinovitch, Esq.
      Luis A. Ochoa, Esq.
      Ryan J. Ellersick, Esq.
      Clerk of Court - Civil Unit

                                                                                 Juno McCallum
                                                                                  Law Clerk